SO ORDERED.

SIGNED this 13th day of September, 2012.

Janice Miller Karlin
United States Bankruptcy Judge
_____

In the United States Bankruptcy Court
for the District of Kansas

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Donald Lee Fisher, | ) | Case No. 05-44841-13 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Jan Hamilton, | ) | |
| Chapter 13 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 12-7014 |
| | ) | |
| Donald Lee Fisher, | ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum Opinion and Order
Denying Plaintiff's Motion for Summary Judgment**

Plaintiff Jan Hamilton, the Chapter 13 Trustee, initiated this adversary proceeding seeking to revoke Defendant Donald Lee Fisher's discharge, which

was granted on March 22, 2011. According to the Trustee, Mr. Fisher acted fraudulently in obtaining his discharge by claiming a piece of real estate in Bourbon County, Kansas, as his exempt homestead. The Trustee seeks summary judgment on that claim.[1]

The parties have fully briefed the issue and the Court is ready to rule. This matter constitutes a core proceeding over which the Court has the jurisdiction and authority to enter a final order.[2]

## I. Standard for Summary Judgment

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law."[3] In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[4] An issue is "genuine" if "there is sufficient evidence on

---

[1] Doc. 25, filed August 10, 2012. The Complaint also seeks to revoke his discharge on the basis that Mr. Fisher fraudulently understated his income, but that matter was not plead in this summary judgment motion.

[2] *See* 28 U.S.C. § 157(b)(2)(J) (core proceeding) and § 157(b)(1) (authority to hear core proceedings).

[3] Fed. R. Civ. P. 56(c). Fed. R. Civ. P. 56(c) is made applicable to adversary proceedings pursuant to Fed. R. Bankr. P. 7056.

[4] *Lifewise Master Funding v. Telebank,* 374 F.3d 917, 927 (10th Cir. 2004).

each side so that a rational trier of fact could resolve the issue either way."[5] A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[6]

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[7] In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.[8]

If the movant carries this initial burden, the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings; the burden shifts to the nonmovant to go beyond the pleadings and "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant.[9] To accomplish this, sufficient

---

[5] *Thom v. Bristol-Myers Squibb Co.,* 353 F.3d 848, 851 (10th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

[6] *Id.* (citing *Anderson,* 477 U.S. at 248).

[7] *Id.* (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)).

[8] *Id.* (citing *Celotex,* 477 U.S. at 325).

[9] *Id.* (citing Fed.R.Civ.P. 56(e)).

3

evidence pertinent to the material issue "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein."[10]

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[11]

## II. Analysis

The Trustee's Complaint is filed pursuant to 11 U.S.C. § 1328(e). Under that section, the Court may revoke Mr. Fisher's discharge if the Trustee shows that (1) the discharge was obtained through fraud and (2) the moving party did not know of the fraud until after the discharge was granted.[12] The Trustee contends that Debtor fraudulently claimed real estate in Bourbon County, Kansas as his exempt homestead, when his homestead was actually located in Crawford, County on another piece of land. The Trustee also contends he did not learn of this fraud until early 2012 following the deposition of Mr. Fisher's wife, which was conducted in relation to her separate bankruptcy proceeding.

Mr. Fisher does not appear to challenge that the Trustee did not learn of the alleged fraud prior to the entry of discharge. Accordingly, the only issue

---

[10] *Diaz v. Paul J. Kennedy Law Firm,* 289 F.3d 671, 675 (10th Cir. 2002).

[11] *Celotex,* 477 U.S. at 327 (quoting Fed.R.Civ.P. 1).

[12] 11 U.S.C. § 1328(e). Because the Trustee filed this proceeding within one year from the entry of the discharge, it is timely. *Id.*

4

before the Court on this summary judgment motion is whether Mr. Fisher fraudulently claimed the Bourbon County property as exempt.

Mr. Fisher filed his Chapter 13 bankruptcy petition on December 19, 2005. In that petition, Debtor indicated that his "street address" was 874 E. 650th Avenue, Arma, Kansas.[13] On Schedule A, which requires debtors to list every piece of real estate in which they have any legal or equitable interest, Mr. Fisher listed only one piece of real estate, which he designated as "Homestead Property in Bourbon County, KS." Mr. Fisher claimed the same "Homestead Property in Bourbon County, KS" County as his exempt homestead on Schedule C. Although the Trustee was not aware of this fact at the time Mr. Fisher's case was proceeding, Arma, Kansas is actually located in Crawford County, Kansas, which is adjacent to Bourbon County. Mr. Fisher disclosed no ownership interest in the property located in Arma, Crawford County, Kansas. He also did not disclose that the property he was claiming as his homestead in Bourbon County was not the same tract of land as the property where his "street address" was located in Crawford County.

---

[13] The Voluntary Petition also indicates Debtor's "County of Residence" is Shawnee County, which is located in Topeka, Kansas. Had Debtor placed the correct county there, it would also have provided an additional clue to the Trustee and creditors. *See* Doc.1 in main bankruptcy case.

5

The Trustee alleges that Mr. Fisher did not reside on the property in Bourbon County at the time the petition was filed. More significantly, the Trustee alleges that even if Mr. Fisher was residing on that property, such living arrangements were only temporary and the Bourbon County property did not qualify as an exempt asset under well-known Kansas homestead exemption law. Finally, the Trustee claims that by failing to disclose the fact that the property located in Bourbon County was different than the property in Crawford County, and in failing to disclose at least on Schedule A that he had some legal or equitable interest in the Crawford County property, Mr. Fisher deprived the Trustee of the opportunity to object to the claim of exemption for the Bourbon County property and secure additional distributions for the benefit of Mr. Fisher's creditors.

Mr. Fisher, who was proceeding *pro se* during the briefing on the summary judgment motion,[14] did file a response to the Trustee's motion for summary judgment. However, that response does not comply with either Fed. R. Civ. P. 56(c), which is made applicable to adversary proceedings by Fed. R. Bankr. P. 7056, or D. Kan. LBR 7056.1(b), because it does not specifically cite to the record to support his statements of fact or to support his denial of the Trustee's

---

[14] Four days after the conclusion of briefing, Steven Wiechman entered his appearance for Defendant Fisher. This is Debtor's second attorney in this Adversary Proceeding. He had three attorneys in his main bankruptcy proceeding.

6

statements of fact.[15] That said, the response filed by Mr. Fisher does raise factual issues that should be addressed at trial — especially in light of the fact that Mr. Fisher was proceeding *pro se* at the time he filed his response to the Motion for Summary Judgment.

Mr. Fisher claims that he was separated from his wife at the time he filed his bankruptcy petition, that he was in fact residing at the Bourbon County property, and that it was therefore his valid homestead under Kansas law. He even attaches an affidavit of a witness he contends will corroborate that fact.

He further claims that he informed his former bankruptcy attorney of this fact, but his attorney opted to list the Crawford County address as his "street address" on the petition because that is where he was receiving mail at the time. He further claims that his now deceased attorney advised him that the Bourbon County property qualified as his homestead, which is why he listed it that way on his bankruptcy schedules.

With regard to the failure to list an ownership interest in the Crawford County property on his schedules, Mr. Fisher explained that the property is titled solely in his wife's name, even though she has since testified that he owns

---

[15] Debtor also failed to respond to Requests for Admission, which would then result in those matters being admitted "unless the court, on motion, permits the admission to be withdrawn or amended. *See* Fed. R. Civ. P. 36(b), which applies to adversary proceedings by Fed. R. Bankr. P. 7036. No motion has been made to date to amend or withdraw the admission, which should be done immediately if Debtor has a basis to, and intends to, argue at trial that he should not be bound by those admissions.

7

"half" since it was acquired from his family. Mr. Fisher also claims that he did not inform the Trustee that Mr. Fisher was separated from his wife at the time of filing, because he did not believe that information was relevant.

I find that summary judgment is not appropriate under these facts. Although Mr. Fisher's response does not comply with the strict requirements of Fed. R. Civ. P. 56, it does raise clear questions of fact that should be determined after trial, and after an evaluation of the credibility of the witnesses. Further, whether the Bourbon County property was properly claimed as exempt is not the ultimate question I must decide in this adversary proceeding. Instead, the question is whether Mr. Fisher claimed the Bourbon County property as exempt, and elected not to distinguish the fact that the Bourbon County property was not the same as the property he identified as his street address on his petition, in an attempt to perpetrate fraud on the Court, the Trustee, or his creditors.

Mr. Fisher has, at a minimum, established questions of fact as to his state of mind when filing his bankruptcy schedules. Based on the record before me, I cannot, as a matter of law, determine that he intended to commit fraud in connection with his claim of exemptions.

And given that revocation of discharge—the harshest remedy available—is what is at issue here, and the fact that Mr. Fisher was proceeding *pro se* at the time he responded to the summary judgment motion, I find that these issues

8

should be, and will be, decided at trial rather than as a matter of law on summary judgment.

**It is, therefore, by the Court ordered** that the Trustee's Motion for Summary Judgment[16] is denied. This case will proceed to trial, as it has been scheduled for three months, on **September 19, 2012 at 9:00 am.**[17]

###

---

[16] Doc. 25.

[17] This trial date has been set since June 13, 2012, so for over three months. Because former counsel for Debtor had moved to withdraw at the time the Scheduling Order was entered on June 13, the Court included the following admonition to Debtor in that Scheduling Order: " The Court also notes that counsel for Defendant Fisher has moved to withdraw. If that motion is granted, the Court highly recommends that Debtor immediately retain new counsel, since these matters are serious. The Court is setting the trial more than three months into the future so that Debtor/Defendant will have more than adequate time to hire new counsel. Because of this, the Court admonishes Debtor/Defendant that it will not extend these deadlines absent some extraordinary cause that Debtor/Defendant could not have predicted or prevented. September 18-19 are the dates for trial, and any new counsel will be required to try the case on this date if the case is not earlier terminated by dispositive or other motions." The Trial Reminder Notice issued September 4, 2012, should be consulted and followed. The Court has already received the Trustee's exhibits; Defendant's exhibits are due today.

9