**SO ORDERED.**

**SIGNED this 26th day of September, 2012.**



_____
Janice Miller Karlin
United States Bankruptcy Judge
_____

### In the United States Bankruptcy Court
### For the District of Kansas

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Donald Lee Fisher, | ) | Case No. 05-44841 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| Jan Hamilton, | ) | |
| Chapter 13 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 12-7014 |
| | ) | |
| Donald Lee Fisher, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### Memorandum Opinion and Order Granting
### Defendant's Motion for Amendment of Admissions

This adversary proceeding involves an attempt by Jan Hamilton, the

Chapter 13 Trustee, to revoke the discharge granted to Defendant Donald Lee

Fisher's on March 22, 2011. He contends the discharge was obtained by fraud. The Trustee has also objected to Mr. Fisher's homestead exemption claim in the main bankruptcy case.[1] Both of these matters were recently set for a trial to begin September 19, 2012, but the trial was continued to October 16, 2012.

The current issue before the Court is Mr. Fisher's motion to amend his responses to the Trustee's request for admissions.[2] Both parties have filed briefs on this issue, and the Court is ready to rule.

I.  **Findings of Fact**

Mr. Fisher filed a petition under Chapter 13 of the Bankruptcy Code on December 19, 2005.[3] On his petition, he listed his "Street Address" as 874 E. 650th Avenue, Arma, Kansas. On Schedule A, Debtor indicated that the only interest he owned in any real property was his "Homestead Property in Bourbon County, KS." Mr. Fisher listed this same real estate as exempt on both Schedule C and an amended Schedule C. No party in interest objected to Mr. Fisher's homestead exemption. Mr. Fisher then completed his Chapter 13 plan, and was granted a discharge. The bankruptcy case was closed shortly thereafter.

---

[1] Doc. 115 in Case No. 05-44841.

[2] Doc. 36 in Adv. No. 12-4014.

[3] Case No. 05-44841.

2

On February 13, 2012, the Trustee filed a motion to reopen the case for the purpose of investigating whether Mr. Fisher failed to disclose pre-petition assets and whether he improperly claimed the Bourbon County property as his exempt homestead.[4] That motion was granted on March 14, 2012. Two days later, 2012, the Trustee initiated this adversary proceeding seeking to revoke Mr. Fisher's discharge on the basis that it was obtained by fraud. The Trustee claims that Mr. Fisher fraudulently claimed the Bourbon County property as his exempt homestead, when in reality his homestead was located in Arma, Crawford County, Kansas.[5] On April 4, 2012, the Trustee also filed an objection to exemptions, claiming that Mr. Fisher was not entitled to claim the Bourbon County property as his exempt homestead.

Mr. Fisher was represented by Michael Brunton when he filed this bankruptcy. Following Mr. Brunton's death, Todd Allison entered his appearance for Mr. Fisher and represented Mr. Fisher in both the adversary

---

[4] Doc. 104 in Case No. 05-44841.

[5] The Trustee also alleged that Mr. Fisher grossly underestimated his income and failed to disclose a tax refund of over $200,000 which would have been estate property. Mr. Fisher contends that his son filed a false tax return using Mr. Fisher's name and social security number to obtain that refund and that the son took the refund check without Mr. Fisher having any knowledge of the return or the check. Although this claim has not been formally dismissed by the Trustee, it appears the Trustee may not still be actively pursuing this basis for revoking Mr. Fisher's discharge.

proceeding and the bankruptcy case until he was allowed to withdraw as counsel on July 23, 2012.[6]

On July 19, 2012, the Trustee served a request for admissions on Mr. Fisher pursuant to Fed. R. Civ. P. 36.[7] The Trustee sought an admission to the following nine statements:

1. Admit that you signed, under penalty of perjury, the Voluntary Petition, Schedules A through J and Statement of Financial Affairs filed in your Bankruptcy Case.

2. Admit that you stated, under penalty of perjury, in your bankruptcy petition in our Bankruptcy case that the street address of your residence was "874 E. 650th Avenue, Arma, KS."

3. Admit that 874 E. 650th Avenue, Arma, Kansas was, in fact, your residence as of the Petition date in your Bankruptcy case.

4. Admit that you testified, under oath, at the First Meeting of Creditors in your Bankruptcy case that 874 E. 650th Avenue, Arma, Kansas was your residence as of the date of that First Meeting of Creditors held on March 2, 2006.

5. Admit that you did not reside on the Bourbon County property as of the Petition date in your Bankruptcy case.

6. Admit that you claimed the Bourbon County property as exempt on Schedule C filed in the Bankruptcy Case.

---

[6]Doc. 23 in Adv. No. 12-7014 and Doc. 146 in Case No. 05-44841. Mr. Fisher was also briefly represented by Darcy Williamson in the bankruptcy case, but she withdrew as counsel on May 1, 2012.

[7]Fed. R. Civ. P. 36 is made applicable in this adversary proceeding pursuant to Fed. R. Bankr. P. 7036.

4

> 7. Admit that the Bourbon County property was not your exempt property under Kansas or federal law, as of the Petition date of your Bankruptcy case.
>
> 8. Admit that you falsely answered Question 15 of the Statement of Financial Affairs in your Bankruptcy case by indicating that you had no prior addresses.
>
> 9. Admit that you did not testify at your initial First Meeting of Creditors in your Bankruptcy case held pursuant to 11 U.S.C. 341 that you were separated from your wife.

Mr. Fisher failed to serve a response to the request for admissions within 30 days of their service, and they were thus deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3).

Twenty-seven days after the responses were due, and only six days before trial, the Trustee received Mr. Fisher's belated responses to the request for admissions.[8] He denied or partly denied several requests that were critical to the Trustee's case.

On September 11, 2012, Steven Wiechman entered his appearance on behalf of Mr. Fisher in the adversary proceeding. On September 14, 2012, Mr. Wiechman filed a motion seeking to amend Mr. Fisher's responses to the request for admissions — asking the Court to set aside the admissions that resulted from

---

[8] Mr. Fisher claims he placed the responses to the request for admissions in the Trustee's payment lock box at the Trustee's office on September 11, 2012. However, the contents of this box are collected by the Trustee's bank, and the Trustee did not receive the responses until September 13, 2012.

5

the failure to respond within 30 days, and to allow Mr. Fisher's actual responses served on September 13 to stand in their place. The Trustee has objected to the motion to amend the admissions, claiming that Mr. Fisher has not met the standard for being allowed to amend his admissions.

II. Analysis

Requests for admissions are governed by Fed. R. Civ. P. 36. Pursuant to Rule 36(a)(3), a matter is deemed admitted unless the responding party serves a written answer or objection to the matter within 30 days. However, Rule 36(b) provides relief to parties who fail to timely respond to a request for admissions by providing the Court with discretion to allow the admission to be withdrawn or amended. According to Rule 36(b), "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

Rule 36(b) "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice."[9] Therefore, "[t]he court's focus must be on the effect upon the litigation and prejudice to the resisting party rather [ ] than on the moving party's excuses for

---

[9] Fed. R. Civ. P. 36 advisory committee's note.

an erroneous admission."[10] Rule 36(b) does not require a party to prove excusable neglect to explain its failure to timely respond.[11]

With regard to the first part of the test under Rule 36(b), the Tenth Circuit Court of Appeals has held that "'[t]his part of the test emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.'"[12] The second part of the Rule 36(b) test requires the party opposing withdrawal to show that he would be prejudiced by withdrawal of the admissions.[13] Mere inconvenience does not constitute prejudice.[14] "The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the

---

[10]*In re Durability Inc.*, 212 F.3d 551, 556 (10th Cir.2000).

[11]*FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir.1994) (stating that Rule 36 does not require a party to prove excusable neglect or otherwise explain its failure to timely respond). The Trustee relies upon *Espy v. Mformation Technologies*, 2009 WL 2912506 (D. Kan. 2009) to argue that Mr. Fisher must show excusable neglect to succeed on his motion. In *Espy*, the party seeking to file untimely answers to request for admissions specifically relied upon Fed. R. Civ. P. 6(b)(1)(B), which allows the court to extend time for the doing of an act when the party "failed to act because of excusable neglect." Given the more relaxed standard set out in Rule 36(b) and the clear precedent handed down by the Tenth Circuit Court of Appeals, it is unclear why the defendant in *Espy* sought relief under Rule 6(b)(1)(B) rather than Rule 36(b). However, as noted by Judge Sebelius in *Thompson v. Harness*, 2012 WL 1893505, *1 n.9 (D. Kan. 2012), judges in this District generally apply Rule 36(b) to determine whether a party may respond out of time to a request for admissions, despite the standards set forth in *Espy*.

[12]*Raiser v. Utah County*, 409 F.3d 1243, 1246 (10th Cir. 2005) (quoting *Perez v. Miami–Dade Cnty.*, 297 F.3d 1255, 1266 (11th Cir. 2002)).

[13]*Id.*

[14]*Id.*

7

Case 12-07014    Doc# 54    Filed 09/26/12    Page 7 of 10

admission now has to convince the jury of its truth."[15] "The prejudice contemplated by Rule 36(b) . . . relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted."[16]

Based upon the clear standards established by the Tenth Circuit, the Court now turns to the actual admissions at issue in this case. As noted above, the Trustee served nine separate requests for admission on Mr. Fisher, all of which have been deemed admitted due to Mr. Fisher's failure to timely respond. In his untimely response to the request for admissions, Mr. Fisher now only attempts to deny requests 3, 5, 7 and 8.[17] Therefore, the only admissions that are he subject of this motion are the following:

> 3. Admit that 874 E. 650th Avenue, Arma, Kansas was, in fact, your residence as of the Petition date in your Bankruptcy case.
>
> 5. Admit that you did not reside on the Bourbon County property as of the Petition date in your Bankruptcy case.

---

[15]*Id.*

[16]*Id.*

[17]In regard to requests 2, 4, and 9 Mr. Fisher admits the statement is true, but provides an explanation for his admission. The Court will deem these matters admitted with the understanding that Mr. Fisher will be allowed to present evidence as to the basis for the admission. For example, with regard to request 9, Mr. Fisher has admitted that he did not testify that he was separated from his wife at his 341 meeting, but he will be allowed to present evidence at trial, if he so chooses, to explain why he did not provide that testimony.

8

7. Admit that the Bourbon County property was not your exempt property under Kansas or federal law, as of the Petition date of your Bankruptcy case.

8. Admit that you falsely answered Question 15 of the Statement of Financial Affairs in your Bankruptcy case by indicating that you had no prior addresses.

Were the Court to prohibit the amendment of these admissions, the presentation of the merits of this case would essentially be eliminated. These admissions essentially prove the Trustee's case — at least as it relates to the objection to the homestead exemption in the main bankruptcy case. Because allowing the amendment of the admissions would promote the presentation of the merits of this case, the Court finds the first prong of the test under Rule 36(b) has been established.

The Court must now turn to the issue of what prejudice, if any, will befall the Trustee if the Court allows the admissions to be amended. In his objection to the motion, the Trustee does not allege that he will suffer any prejudice or that allowing the amendment to the admissions will prevent him from effectively presenting his case at trial. At least in part due to the late amendments to the Rule 36 requests and to the late entry of trial counsel (who then filed the instant motion and a Motion in Limine on the eve of trial), the trial in this matter was continued and will commence more than 30 days after the motion for

9

amendment of admissions was filed.[18] This has given the Trustee time to prepare for trial with the understanding that an amendment to the admissions was at least being sought by Mr. Fisher. Given the absence of a showing of prejudice by the Trustee, and the additional time to prepare for trial and endorse additional witnesses and exhibits to meet the facts previously admitted, the Court finds that the second prong of the test under Rule 36(b) has also been met.

### III. Conclusion

The Court finds that Mr. Fisher's Motion for Amendment of Admissions[19] should be granted. Allowing the amendment of the admissions will promote the presentation of the merits of this action, and the Trustee has not shown that he will be prejudiced in maintaining this action by the allowance of the amendment.

**It is, therefore, by the Court ordered** that Defendant Donald Lee Fisher's Motion for Amendment of Admissions is granted.

###

---

[18] The Court advanced this motion on its docket so it could issue this decision only two days after close of briefing. This is to assist both counsel in preparing for the trial that will commence in 20 days.

[19] Doc. 36 in Adv. No. 12-7014.